9 F.3d 115
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael E. PARKER, Appellant.
 No. 93-1977.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 28, 1993.
Filed: November 2, l993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael E. Parker appeals the sentence imposed by the District Court[1] after Parker pleaded guilty to a four-count indictment. We affirm.
 
 
 2
 In December 1992, Parker, pursuant to a plea agreement, pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1) (1988) (count I); two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1) (1988) (counts II and III); and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1) (Supp. III 1991) (count IV).
 
 
 3
 At sentencing, undercover agent Mark Demas testified that he worked with Parker to smuggle marijuana into St. Louis, and that Parker purchased marijuana in Texas from Joel "Cricket" Jaramillo, Donna Arnold, and Al Yanez. Demas also testified that he was present when Parker sold marijuana to Vincent ("Chi-Chi") Diliberto, Michael Monti, Tony Nicot-Grizzle, and "B-Flat," and that these individuals would then distribute the marijuana on the street. Demas testified that Parker shipped, twenty or thirty times, marijuana from Texas to Alan Pomerleau in St. Louis.
 
 
 4
 While Parker was testifying, he admitted that during the time frame of the investigation he was dealing with Diliberto, Monti, Nicot-Grizzle, "B-Flat," and Pomerleau, and purchasing from or through several individuals in Texas. Parker stated, however, that he did not control Diliberto, Monti, Nicot-Grizzle, "B-Flat," or Pomerleau; they merely purchased from him and what they did with the marijuana was their own business.
 
 
 5
 The Court found that Parker's base offense level was subject to a four-level enhancement pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(a) (Nov. 1992), because he was "an organizer or leader of a criminal activity that involved five or more participants." The Court specifically found that Parker "amassed a group of people for the purpose of obtaining, and then distributing, marijuana." Transcript of Continued Proceedings on Imposition of Sentence at 15. The Court sentenced Parker to a 70-month term of imprisonment for count I, two concurrent 60-month terms of imprisonment for counts II and III, and a consecutive 60-month term of imprisonment for count IV, to be followed by three years of supervised release.
 
 
 6
 Parker now argues that the District Court erred in applying U.S.S.G. Sec. 3B1.1(a) because the government did not prove by a preponderance of the evidence that he was involved in a criminal activity involving five or more participants.
 
 
 7
 In United States v. Greene, 995 F.2d 793, 802 (8th Cir. 1993), this Court held that the sentencing court's application of U.S.S.G. Sec. 3B1.1(a) was not clearly erroneous because the evidence showed that "Greene distributed marijuana in large amounts (more than ten pounds at a time, hundreds of pounds over several years) directly or through ... intermediar[ies]." In the case at hand, the evidence introduced at sentencing demonstrated that Parker repeatedly sold, for further distribution, large amounts of marijuana to Diliberto, Monti, Nicot-Grizzle, "B-Flat," and Pomerleau. We conclude, therefore, that the District Court's conclusion that Parker was a leader of criminal activity involving five or more members was not clearly erroneous.
 
 
 8
 Accordingly, we affirm Parker's sentence.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri